IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAUTILUS INSURANCE COMPANY**, | : | |
| | : | Case No.   20-cv-03937-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **GLOBAL STAFFING** | : | |
| **SOLUTIONS, INC., ET AL.**, | : | |
| | : | |
| *Defendants* | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                          **JANUARY 13, 2021**

Before the Court is Plaintiff Nautilus Insurance Company's ("Nautilus") Motion for Alternative Service on Defendants Global Staffing Solutions, Inc. ("GSS") and Reagan Thach ("Thach").  ("Mot.," ECF No. 27.)  The Court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons that follow, Nautilus' Motion will be granted in part and denied in part without prejudice.

**I.       BACKGROUND**

This is an insurance coverage declaratory judgment action in which Nautilus seeks to confirm that it does not owe any duty to defend or indemnify Defendants in connection with multiple underlying state court actions filed by individuals who were injured in an auto accident. ("Amended Compl.," ECF No. 5.)

Since filing the instant action on August 12, 2020, Plaintiff has made several attempts to serve Thach and one attempt to serve GSS.  (Mot. at 2-3, 9, 14.)[1]  As to Thach, and based upon the process server's return receipts, it appears that the process server attempted service at multiple

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

locations no less than six times throughout the months of November and December 2020, and did

so at various times throughout the day.  (*Id*. at 14.)  As for GSS, it appears that the process server

attempted service one time at its "offices located at 5962 N. 3rd Street, 2nd Floor, Philadelphia,

PA 19120."  (*Id*. at 2.)  The process server noted: "The company is out of business, the owner may

have left the country."  (*Id*. at 9.)

Now before the court is Nautilus' request for alternative service of process pursuant to

Pennsylvania Rule of Civil Procedure 430.  The alternate service Nautilus seeks, in lieu of personal

service, is leave to serve the Complaint and Summons by publication in the state of Pennsylvania,

and by posting the Complaint on the outside entrance door of GSS' business address and Thach's

most recent residential address.  (*Id*. at 5.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), service may be effected pursuant to the law

of the state in which the district court sits, or in which service is effected.  As the case is before

the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply.  Rule 430 of

the Pennsylvania Rules of Civil Procedure provides that if service cannot be made to defendant's

residence or place of business as provided by the rules, plaintiff may move the court for a special

order directing the method of service.  Rule 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may
> move the court for a special order directing the method of service.
> The motion shall be accompanied by an affidavit stating the nature
> and extent of the investigation which has been made to determine
> the whereabouts of the defendant and the reasons why service
> cannot be made.

Pa. R. Civ. P. 430(a).

However, "[a]lternative service is only appropriate when service 'cannot be made' under

the applicable rule of civil procedure."  *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa.

2006) (quoting *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004)).  In other words, alternate methods of service are an "option of last resort."  *Grove*, 222 F.R.D. at 256.  Accordingly, in Pennsylvania, plaintiffs must meet the following three conditions for alternate service.

First, plaintiff must make a "good faith" effort to locate defendant.  *Id*.  Such "good faith" efforts might include: inquiries of postal authorities, inquiries of relatives, friends, neighbors, employees/employers, and examinations of motor vehicle records and local tax records.  *Id*. at 256-57.  Second, once defendant is located, plaintiff must show that he has made practical efforts to serve defendant under the circumstances.  *Calabro*, 464 F. Supp. 2d at 472.  Depending on the defendant's situation, circumstances may warrant visiting the defendant's location on different days of the week or at different times of the day.  Third, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate methods of service must be reasonably calculated to provide the defendant with notice of the proceedings against him.  *Id*.

## III.    DISCUSSION

### A.    Thach

As to the first step, the Court finds that Nautilus' efforts to locate Thach satisfy the requirement of "good faith" under Rule 430(a).  Nautilus has pursued several of the suggested methods in order to locate Thach's whereabouts, including conducting internet searches and obtaining a private Skiptrace Report.  (*See* Mot. at 16-17.)  As to the second step, Nautilus has met its burden of showing that it has undertaken sufficient practical efforts to serve Thach under the circumstances.  Specifically, Nautilus attempted to effect service on six separate dates at various times of day.  (*See* Mot. at 14.)  "Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service[.]"  *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (citing *Calabro*, 464 F. Supp. 2d at 473).  Thus,

the Court is convinced that Nautilus has made sufficiently reasonable efforts to serve Thach.  As to the third step, the Court finds Nautilus' proposed alternate means of service reasonably calculated to provide Thach with notice of the proceedings against him.  *See Olympic Steel, Inc. v. Pan Metal and Processing, LLC*, No. 11-6938, 2012 WL 682381, at \*4 (E.D. Pa. Mar. 2, 2012) (noting that posting the complaint to the last known address would place defendant on notice of the proceedings against him); *see also Premium Payment Plan v. Shannon Cab. Co.*, No. 04-4669, 2007 WL 2319776, at \*3 (E.D. Pa. Aug. 13, 2007) (permitting service by publication and certified mail where postal records indicated that corporate officer was located at the address where service was attempted).

In summary, the Court finds that Nautilus has made sufficient efforts to locate and personally serve Thach.  Considering these efforts, the Court further finds that the proposed methods of alternative service, by (1) posting the Complaint on the outside entrance door of Thach's last known residential address; and (2) by publication in the state of Pennsylvania, is reasonably calculated to provide Thach with notice of the proceedings against him.

**B.     GSS**

The Court finds that Nautilus has not complied with the requirements necessary to allow alternative service upon GSS.  Nautilus' only effort to locate GSS is the process server's single November 19, 2020 attempt to serve the business at its offices.  (*See* Mot. at 9); *see Calabro*, 464 F. Supp. 2d at 473 (finding three attempts between the hours of 10:00 a.m. and 11:30 a.m. insufficient); *see also Cobb v. Gray*, 409 A.2d 882, 883 (Pa. Super. 1979) ("A single return of not found by the sheriff is insufficient evidence that defendant concealed his whereabouts).  Once it became clear that GSS was "out of business, [and that the] owner may have left the country[,]" Nautilus did no follow-up research to determine if this was in fact true and made no additional

4

efforts to further locate the owner of GSS.  Thus, Nautilus has made little effort to locate GSS, and since Nautilus has not located the business, Nautilus obviously has not made practical efforts to serve GSS.

### IV.    CONCLUSION

For the reasons set forth above, the Motion will be granted in part and denied in part without prejudice.  An appropriate Order follows.

**BY THE COURT:**

/s/ Judge John Milton Younge

Judge John Milton Younge